# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Docket No. 2:15-cr-00129-NT |
| | ) |
| WAYMAN SPARROW, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION FOR SENTENCING MODIFICATION

On December 9, 2015, the Defendant, Wayman Sparrow, was charged in a two-count Superseding Indictment with engaging in a drug distribution conspiracy that occurred between October 2011 and January 2013 (the "**original conspiracy**") and with knowingly using and discharging a firearm in relation to a drug distribution conspiracy in March 2013 (the "**firearm offense**"). Superseding Indictment (ECF No. 31). On December 22, 2015, Mr. Sparrow pleaded guilty to both crimes (ECF No. 37).

Mr. Sparrow has now filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Mot. to Modify Term of Imprisonment, and for Appointment of Counsel under 18 U.S.C. [§] 3582(c)(1)(A) ("**Def.'s Mot.**") (ECF No. 87).[1] That statute allows for a post-sentencing modification of a term of imprisonment "when 'extraordinary and compelling reasons warrant such a reduction' " (along with

---

[1] Mr. Sparrow has also moved to have counsel appointed. He has no right to counsel in this instance, and because I find this motion to be frivolous, appointment of counsel is not warranted. *See United States v. Meader*, No. 1:95-cr-00025-JAW, 2022 WL 823923, at *10 (D. Me. Mar. 18, 2022) ("The Court concludes that it is not necessary to appoint counsel at this time to resolve any complex legal or factual issues . . . ."); *United States v. Niski*, 2:15-cr-00115-JDL 1, 2022 WL 392846, at *1 (D. Me. Feb. 9, 2022) ("[B]ecause the matter is not 'factually complex and legally intricate' and does not involve any 'undeveloped' facts, I decline to appoint counsel." (quoting *United States v. Mala*, 7 F.3d 1058, 1064 (1st Cir. 1993))).

other requirements not relevant here). *United States v. Ruvalcaba*, 26 F.4th 14, 18 (1st Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The only purportedly extraordinary and compelling reason that Mr. Sparrow identifies is that he says he is "actually innocent" of the firearm offense, despite having pleaded guilty to it. Def.'s Mot. 4. The First Circuit has recently made clear that the "extraordinary and compelling reason" language in § 3582(c) is expansive. *Ruvalcaba*, 26 F.4th at 25 (noting that rehabilitation is Congress's only "explicit limitation on what may comprise an extraordinary and compelling reason"). As a result, I cannot say that there is "a categorical rule" that a claim of actual innocence can never provide an extraordinary and compelling reason warranting a sentencing reduction. *See id.* at 27 (concluding the same with respect to sentencing changes that Congress has declined to make retroactive). But neither is it the case that any claim of actual innocence is automatically an extraordinary and compelling reason justifying release. *See id.* Whether an individual defendant's claim of innocence is extraordinary and compelling must be assessed "on a case-by-case basis." *See id.*

The unique context of the Defendant's motion warrants particular caution. He has already filed a habeas petition (ECF No. 52), which I denied (ECF No. 70). And the law prohibits a federal prisoner from filing a second petition except in two narrow circumstances, neither of which applies here. *See* 28 U.S.C. § 2255(h) (allowing "a panel of the appropriate court of appeals" to authorize the filing of a second habeas petition in the case of "newly discovered evidence" and in the case of a retroactively applicable "new rule of constitutional law"). Allowing the Defendant to file pursuant

to the sentencing modification statute what he could not file pursuant to the habeas statute would countenance an end-run around the strictures of § 2255, and it would be the rare case that would warrant such back-door relief.

Even assuming that some claims of actual innocence can constitute an extraordinary and compelling reason warranting a sentencing modification, the Defendant's claim cannot clear this high bar. The Defendant asserts that, although he pleaded guilty to the firearm offense, he is actually innocent of that crime because he did not discharge his firearm until March 2013, which was after the original conspiracy had already concluded. Def.'s Mot. 4. So, he reasons, that "discharge could not have occurred 'during' the [original] conspiracy." Def.'s Mot. 4. The problem with this line of reasoning is that Count Two was predicated on the Defendant's involvement in a separate conspiracy, not the original conspiracy, so the Defendant's argument is beside the point. Gov't's Obj. to Def.'s Mot. to Modify Term of Imprisonment 1 (ECF No. 88).

In reply, Mr. Sparrow contends that he "believed he was admitting that the firearm was used in connection with the [original] conspiracy" and that the Prosecution Version supporting his guilty plea makes no mention of a second conspiracy. Def.'s Reply to Gov't's Resp. in Opp'n to Pro Se Mot. to Modify Sentence 2 (ECF No. 89). That is not correct. The Prosecution Version clearly states that Mr. Sparrow was originally distributing drugs with a group of males led by a drug dealer known as "Prince," but, after a falling out with Prince, Mr. Sparrow "stopped dealing for the Prince organization and instead began dealing drugs for himself using another

3

group of individuals to assist him." Gov't's Version of the Offense 2 (ECF No. 35). And it was during that *second* conspiracy that Mr. Sparrow discharged a firearm, which was the basis for the firearm offense. Gov't's Version of the Offense 2.

The Defendant's claim of actual innocence is frivolous, and he has failed to put forward an extraordinary or compelling reason justifying a modification of his sentence. The motion to appoint counsel, and the motion for a sentencing modification are both **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated: March 31, 2022